UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MUHAMMED TILLISY,

    Petitioner,

v.

WILLIAM BARR,

    Respondent.

CASE NO. 3:20-cv-05300-RBL-JRC

ORDER REASSIGNING CASE TO SEATTLE DIVISION

Petitioner Muhammed Tillisy is a Washington State prisoner who is currently confined by the Washington State Department of Corrections. *See* Dkt. 5, at 5. He filed this case under 28 U.S.C. § 2241, alleging challenges to the federal detainer resulting from his sentences imposed by U.S. District Court judges Robert Lasnik and Marsha Pechman. *See* Dkt. 194, *United States v. Tillisy*, 2:13-cr-310-RSL-001; Dkt. 70, *United States v. Tillisy*, 2:09-cr-00156-MJP. He states that his federal sentences are set to run consecutively to his state court sentence and he seeks to have his federal sentences "temporarily lifted or stayed and [the] federal detainer removed." Dkt. 5, at 5.

ORDER REASSIGNING CASE TO SEATTLE
DIVISOIN - 1

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other . . . division where it might have been brought[.]" Because petitioner's claims arise out of sentences imposed by the Seattle Division of this Court, this action is properly adjudicated by the Seattle Division of the United States District Court for the Western District of Washington. *See* Local Civil Rule 3(e)(1).

Accordingly, this case is hereby transferred to the United States District Court for the Western District of Washington, Seattle Division. The Clerk is directed to transfer this case to Seattle for a judge assignment, consistent with the Local Rules and the common practice.[1]

Dated this 4th day of May, 2020.

J. Richard Creatura
United States Magistrate Judge

---

[1] An order transferring venue pursuant to 28 U.S.C. §1404(a) does not address the merits of the case; therefore, it is a non-dispositive matter that is within the province of a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A). *See Pavao v. Unifund CCR Partners*, 934 F.Supp.2d 1238, 1241 n. 1 (2013).