UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MUHAMMED TILLISY, | |
| Petitioner, | Case No. C20-5300-TSZ-MAT |
| v. | REPORT AND RECOMMENDATION |
| WILLIAM BARR, U.S. Attorney General, | |
| Respondent. | |

INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Muhammed Tillisy is currently in the custody of the Washington Department of Corrections ("DOC") serving sentences imposed in two Snohomish County Superior Court criminal cases. He has presented to this Court for consideration a petition for writ of habeas corpus under 28 U.S.C. § 2241 seeking to have a detainer placed with the DOC pursuant to judgments entered against him in two federal criminal cases lifted, and to have execution of his federal sentences stayed, in order to facilitate a request for early release from state custody in light of health concerns related to the COVID-19 pandemic. This Court, having reviewed the petition, recommends that this matter be dismissed. *See Lonchar v. Thomas*, 517 U.S. 314, 320 (1996) (district court may summarily dismiss a habeas petition if it appears from the face of the petition

REPORT AND RECOMMENDATION
PAGE - 1

that the petitioner is not entitled to relief) (citing Habeas Corpus Rule 4).

## DISCUSSION

On November 28, 2012, petitioner was found guilty of multiple counts of identity theft, forgery and unlawful possession of payment instruments in Snohomish County Superior Court, and he was subsequently sentenced to a term of one hundred and twenty months confinement for those offenses. *See United States v. Tillisy*, CR13-310-RSL, Dkt. 185 at 12 (citing *State of Washington v. Tillisy*, Snohomish County Sup. Ct. No. 12-1-01246-1). On July 3, 2013, petitioner was sentenced in Snohomish County Superior Court to a term of forty-three months confinement after pleading guilty to two counts of second degree identity theft in a separate case. *See id*. (citing *State of Washington v. Tillisy*, Snohomish County Sup. Ct. No. 12-1-01574-5). The sentences in those two cases were ordered to run consecutively. *See id*., Dkt. 188 at 15.

On September 26, 2013, petitioner's supervised release was revoked in one of his federal criminal cases, *United States v. Tillisy*, CR09-269-MJP, and he was sentenced to a term of confinement of a year and a day, and that sentence was ordered to run consecutively to the sentences imposed in Snohomish County Superior Court. *Tillisy*, CR09-269-MJP, Dkts. 229, 232. On July 7, 2015, petitioner was convicted in another federal criminal case on charges of making a false statement or representation to a federal agency, aggravated identity theft, false impersonation of a federal official, mail fraud, and obtaining confidential phone records by fraud. *See United States v. Tillisy*, CR13-310-RSL, Dkt. 154. Petitioner was sentenced on January 21, 2016 to a term of 84 months confinement in that case, and that sentence was ordered to run consecutively to the sentences imposed in Snohomish County and in CR09-269-MJP. *Id*., Dkts. 193, 194.

Because petitioner still has time remaining to serve on his state court sentences, he has not yet begun to serve his federal sentences. According to petitioner, the U.S. Marshal's Service has

REPORT AND RECOMMENDATION
PAGE - 2

lodged a federal detainer with the DOC so that the federal judgments may be executed upon the completion of his state sentences. (*See* Dkt. 5 at 6-7.) Petitioner is now seeking to have that detainer lifted in order to position himself to seek release from his current state court custody on medical grounds.

Petitioner explains in his petition that he currently suffers from pseudotumor cerebri, also known as intracranial hypertension, and a Chiari malformation. (*See id*. at 1-2, 12-15.) Petitioner's intracranial hypertension is a long-standing issue that has required multiple surgeries and has caused severe visual impairment. (*See id*.) Petitioner asserts that recent complications involving a shunt previously implanted to manage the condition are causing him severe symptoms and require further testing that has been delayed because of the COVID-19 outbreak. (*Id*.) Petitioner expresses concern about the possibility of contracting COVID-19 in the prison setting, and he questions the ability and/or willingness of prison officials to provide him necessary care in light of his "rare and complex" condition. (*Id*. at 3-4.)

Petitioner suggests that if he were to contract the virus while in DOC custody this would almost certainly result in a violation of his constitutional rights because of the likelihood that prison officials would not properly respond to his medical needs. (*Id*. at 3, 11.) Petitioner also suggests that the risk of keeping him incarcerated could "possibly" turn the years long sentences imposed for his assortment of non-violent offenses into one not intended by the courts; *i.e.*, a "sentence of death," which would violate his due process rights. (*Id*. at 5.)

Petitioner's desire is to be released into the community where he would be able to reside with his family, self-isolate, and receive emergent care should it become necessary. (*Id*. at 4.) Petitioner maintains, however, that the federal detainer presents an impediment to achieving this objective because neither the Secretary of the DOC nor a state superior court judge would be

REPORT AND RECOMMENDATION
PAGE - 3

willing or able to fashion any sort of release order for him so long as the detainer remains in place. (*Id*. at 7-8.) Petitioner thus urges this Court to step in and clear a path for him to seek relief from the state by directing respondent to release the federal detainer and by staying execution of his federal sentences. Petitioner argues that this Court has a responsibility to fashion orders to protect the constitutional rights of defendants and that the mere "possibility" he may suffer harm should he remain incarcerated is enough to justify issuance of the requested writ. (*See id*. at 5.)

## DISCUSSION

A writ of habeas corpus may issue if a prisoner is in custody under the authority of the United States or if a court finds that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1), (3). Petitioner is not currently in custody under the authority of the United States, he is in the custody of the State of Washington. Petitioner suggests in his petition that his current custody *may*, under a certain set of circumstances which have not yet come to pass, violate his constitutional rights. As a state prisoner, any challenge to the constitutionality of petitioner's current confinement must be brought under 28 U.S.C. § 2254. *See White v. Lambert*, 370 F.3d 1002, 1007 (9th Cir. 2004) (Section 2254 is the exclusive avenue for a state prisoner to challenge the constitutionality of his detention when the prisoner is in custody pursuant to a state court judgment.). To the extent petitioner's claims may reasonably be construed as a challenge to the conditions of his current confinement rather than the fact of his confinement, his claims are properly brought under 42 U.S.C. § 1983.

Section 2241 provides no apparent basis for the relief petitioner seeks in this action. Petitioner's stated objective is to obtain an Order directing that the detainer lodged by the U.S. Marshal be lifted, and to then have the Court exercise its authority to stay execution of his federal sentences. (*See* Dkt. 5 at 1, 6-8, 10.) However, petitioner identifies no constitutional infirmity in

REPORT AND RECOMMENDATION
PAGE - 4

the detainer itself, which was lodged pursuant to two presumptively valid federal court judgments. Absent some underlying constitutional violation relating to either the detainer or to petitioner's future federal custody, this Court has no jurisdiction to entertain petitioner's request for relief under § 2241.

## CONCLUSION

For the foregoing reasons, this Court recommends that petitioner's federal habeas petition be denied and that this action be dismissed for lack of jurisdiction. This Court further recommends that petitioner's pending motion for appointment of counsel be denied as moot. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21)** days of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **July 17, 2020**.

DATED this 24th day of June, 2020.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 5